IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

CHRISTIAN GRIFFITH                                                                               PLAINTIFF

    v.                              Civil No. 6:22-cv-06022-SOH-MEF

KILOLO KIJAKAZI, Acting Commissioner,
Social Security Administration                                                                   DEFENDANT

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, Christian Griffith, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (the "Commissioner") denying his claim for supplemental security income ("SSI") under Title XVI of the Social Security Act (hereinafter "the Act"), 42 U.S.C. § 1382.  In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision.  *See* 42 U.S.C. § 405(g).

                                              **I.**        **Procedural Background**

Plaintiff filed his application for benefits on April 26, 2019, alleging disability beginning June 5, 2016, due to blindness or low vision, autism spectrum disorder, anxiety disorder, nose bleeds, migraines.  (ECF Nos. 10-3, p. 38; 10-6, p. 10).  Plaintiff was 18 years old on the date the application was filed, has at least a high school education, and has no past relevant work.  (ECF No. 10-3, p. 46).  His application was denied initially and on reconsideration.  (*Id*., p. 38).  At Plaintiff's request, an Administrative Law Judge ("ALJ"), Kevin T. Alexander, held an administrative hearing on December 22, 2020, via telephone due to the extraordinary circumstance presented by the COVID-19 pandemic.  (ECF No. 10-2, pp. 12-32).  Plaintiff was present and represented by counsel.

On April 29, 2021, the ALJ concluded that Plaintiff's social anxiety disorder, major depressive disorder, attention deficit hyperactivity disorder, autism spectrum disorder (level 1), neurocardiogenic syncope, and migraine headaches were severe, but he concluded these impairments did not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4. (ECF No. 10-3, pp. 40-42). He found Plaintiff capable of performing:

> light work as defined in 20 C.F.R. § 416.967(b). The claimant can lift and carry 20 pounds occasionally and 10 pounds frequently, sit for six hours in an eight-hour workday, and stand/walk for six hours in an eight-hour workday. The claimant cannot climb ladders, ropes, or scaffolds. The claimant cannot be exposed to unprotected heights in the workplace. The claimant cannot be exposed to hazards and cannot drive or operate dangerous machinery. The claimant can perform simple, routine, and repetitive tasks and perform a job where supervision is simple, direct, and concrete. The claimant's reasoning level occupation cannot exceed 2. The claimant cannot interact with the general public, and the claimant can perform no more than occasional changes to the workplace setting. (*Id.*, p. 42).

With the assistance of a vocational expert ("VE"), the ALJ concluded that Plaintiff could perform work as a price marker, DOT # 209.587-034/light/unskilled/svp 2, of which there are 400,000 jobs in the national economy, and cleaner/housekeeper, DOT # 323.687-014/light/unskilled/svp 2, of which there are 230,000 jobs in the national economy. (ECF No. 10-3, p. 47). Plaintiff was found not to be under a disability from his application date through the date of the ALJ's decision. (*Id.*).

The Appeals Council granted Plaintiff's request for review on November 16, 2021. (ECF No. 10-4, pp. 75-80). On December 22, 2021, the Appeals Council found that the ALJ did not evaluate the persuasiveness or supportability of the medical opinions and prior administrative findings. (*Id.*, p. 6). The Appeals Council evaluated the medical opinions and prior administrative findings under 20 C.F.R. § 416.920c(b) and concluded that Plaintiff was not disabled from his

application date through the date of the ALJ's decision. (*Id.*, p. 6-7). Plaintiff then filed his Complaint to initiate this action on February 17, 2022. (ECF No. 2). This matter is before the undersigned for report and recommendation. Both parties have filed appeal briefs (ECF Nos. 13, 16), and the case is ready for decision.

## II.  Applicable Law

This Court's role is to determine whether substantial evidence supports the Commissioner's findings. *Vossen v. Astrue*, 612 F.3d 1011, 1015 (8th Cir. 2010). Substantial evidence is less than a preponderance but enough that a reasonable mind would find it adequate to support the Commissioner's decision. *Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019). We must affirm the ALJ's decision if the record contains substantial evidence to support it. *Blackburn v. Colvin,* 761 F.3d 853, 858 (8th Cir. 2014). If there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, we must affirm the ALJ's decision. *Id*.

A claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see also* 42 U.S.C. § 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic

techniques." 42 U.S.C. § 1382c(a)(3)(D). A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given her age, education, and experience. 20 C.F.R. § 416.920(a)(4). The fact finder only considers Plaintiff's age, education, and work experience in the light of his or her residual functional capacity if the final stage of the analysis is reached. 20 C.F.R. § 416.920(a)(4)(v).

### III.   Relevant Evidence

Plaintiff's appeal primarily concerns whether his mental impairments prevent him from engaging in a limited range of unskilled work. As such, the undersigned will only recount the evidence relevant to that claim. The record in this case demonstrates a history of mental impairments, symptoms of which were effectively controlled with medication when taken, and generally independent and social activities of daily living. Plaintiff reported that he could take care of his personal needs, cook, clean, and shop. (ECF No. 10-6, pp. 36-43, 68-75). While he reported problems with memory, concentration, understanding, and getting along with others, he could follow written and spoken instructions. (*Id.*). He did report difficulty with stress and changes in routine, but he had hobbies and engaged in social activities. (*Id.*).

Mental health treatment records document non-compliance with medication in March 2018. (ECF No. 10-7, pp. 11-12). It was noted that Plaintiff could attend college courses, though

he could not be in large crowds due to his anxiety. Medications were increased, and Plaintiff was reminded to take his medications as prescribed. Treatment providers observed average intellectual functioning, realistic thought content, fair grooming, and linear and goal-oriented thought processes. Plaintiff demonstrated avoidant eye contact and limited insight, but fair judgment and relaxed psychomotor findings. (*Id.*).

Plaintiff was diagnosed with autism and generalized anxiety disorder in January 2019. (ECF No. 10-7, p. 15). The mental status examination showed findings within normal limits, despite avoidant eye contact and limited insight. Plaintiff demonstrated fair grooming, expressive speech, full affect, linear thought processes, and fair judgment. The treatment provider found him to have some psychomotor agitation but average intellectual functioning. His mood and memory were normal. It was also noted that Plaintiff had a history of non-compliance with his prescription management. (*Id.*).

In August 2019, Plaintiff sought treatment for social anxiety disorder with depression and autism. (ECF No. 10-7, pp. 51-55, 145-151). On examination, he had a normal mood and affect. He was advised to continue his current medications, including Citalopram, Propranolol, and Trazodone. (*Id.*). While Plaintiff was referred to counseling, he was subsequently discharged for failing to return for services. (ECF No. 10-7, p. 80).

During a mental diagnostic evaluation by Dr. Michael Parker, in September 2019, Plaintiff did not display significantly inhibiting intellectual or pool of general knowledge deficits. (ECF No. 10-7, pp. 83-90). Dr. Parker did note Plaintiff's awkward interpersonal and social skills, as well as his somewhat scattered and erratic concentration and attention. He assessed Plaintiff with mild autism spectrum disorder, academic underachievement, and awkward interpersonal skills. (*Id.*). Plaintiff reported that he could not be around more than a few people due to his anxiety. He

had to be reminded to complete his personal care. On examination, Plaintiff appeared aloof and somewhat disengaged, though he demonstrated a superficially pleasant and responsive demeanor. Dr. Parker noted that Plaintiff appeared happy and at ease and demonstrated adequate communication skills. (*Id.*).

Plaintiff attended counseling from September 2019 to August 2020, demonstrating average cognitive skills and average to above average academic achievement scores. (ECF No. 10-7, pp. 139-144, 164, 188). He continued to present as inattentive in November 2019, but mental status examination findings were otherwise normal. (ECF No. 10-7, pp. 166-175). The most recent treatment records demonstrate consistent findings of normal mood and affect. (ECF No. 10-8, pp. 325, 329, 333, 338).

## IV. Discussion

Plaintiff raises three issues on appeal: (1) whether substantial evidence supports the conclusion that he does not meet the criteria for a listed impairment; (2) whether the Commissioner properly evaluated the medical opinions; and (3), whether substantial evidence supports the RFC finding. After thoroughly reviewing the record, the undersigned finds that substantial evidence supports the finding that Plaintiff does not meet the criteria for a listed impairment, the Commissioner properly evaluated the medical opinions, and substantial evidence supports the ALJ's RFC finding.

**A. Plaintiff's Impairments Do Not Meet or Equal the Criteria of a Listed Impairment**

Plaintiff first contends that substantial evidence fails to support the determination that he does not meet or equal the criteria for Listed Impairment 12.10, pertaining to autism spectrum disorder. (ECF No. 13, pp. 6-13). "To meet a listing, a claimant must show that he or she meets all of the criteria for the listed impairment." *Blackburn v. Colvin*, 761 F.3d 853, 858 (8th Cir.

2014). It is the claimant's burden to prove that his impairment meets or equals a listing. *Johnson v. Barnhart*, 390 F.3d 1067, 1070 (8th Cir. 2004). A court reviews on appeal whether the ALJ considered evidence of a listed impairment and concluded that the record did not show that the claimant's impairments met or equaled any of the listed impairments. *Karlix v. Barnhart*, 457 F.3d 742, 746 (8th Cir. 2006). The Eighth Circuit has also held that an ALJ's conclusion that a claimant failed to meet a listing may be upheld if the record supports that conclusion. *Dunahoo v. Apfel*, 241 F.3d 1033, 1037 (8th Cir. 2001).

Listing 12.10, autism spectrum disorder, is satisfied by A and B:

> A. Medical documentation of both of the following:
>    1. Qualitative deficits in verbal communication, nonverbal communication, and social interaction; and
>    2. Significantly restricted, repetitive patterns of behavior, interests, or activities.
> B. Extreme limitation of one, or marked limitation of two, of the following areas of mental functioning:
>    1. Understand, remember, or apply information.
>    2. Interact with others.
>    3. Concentrate, persist, or maintain pace.
>    4. Adapt or manage oneself.

*See* 20 C.F.R. Pt. 404, Subpt. 4, App. 1 § 12.10.

Plaintiff has not shown that his limitations meet the requirements of Listing 12.10. While he meets some of the requirements, namely the diagnosis requirement, Plaintiff fails to show that he meets all requirements. Plaintiff insists that he is severely limited in one area or markedly limited in two areas of functioning; however, a review of the record demonstrates largely normal, albeit inattentive, mental status examination findings and many independent and social activities of daily living.

The ALJ considered each of the four broad functional areas when he determined that Plaintiff's mental impairments, including social anxiety disorder, major depressive disorder,

attention deficit hyperactivity disorder, autism spectrum disorder (level 1), neurocardiogenic syncope, and migraine headaches, did not meet or equal a listing. (ECF No. 10-3, pp. 40-42). Also known as paragraph B criteria, the functional areas are: (1) understanding, remembering, or applying information; (2) interacting with others; (3) concentrating, persisting, or maintaining pace; and (4), adapting or managing oneself. *See* 20 C.F.R. Part 404, Subpart P, Appendix 1. The ALJ found only moderate limitation in each area. (ECF No. 10-3, p. 41-42).

To support his findings, he noted that Plaintiff completed his personal care, prepared simple meals, cleaned his home, counted change, rode in a car, shopped in stores, read, played board games, watched television, used a computer, and followed spoken and written instructions with reminders. Plaintiff demonstrated a normal mood, did not appear to be in distress, and did not appear nervous or anxious during many examinations. His symptoms improved with medication. Examining physician, Dr. Parker, found that Plaintiff had "no intellectual or pool of general knowledge deficits" that would inhibit "academic or adaptive functioning, or the breadth of employment options available." (ECF No. 10-3, pp. 41-42).

The record supports the ALJ's determination that Plaintiff is moderately limited in all four broad functional areas. Because Plaintiff has not shown that he is severely limited in one area or markedly limited in two areas, he has not proven that his mental impairments, considered singly and in combination, meet or equal the criteria of Listing 12.10.

**B. The Commissioner Properly Evaluated the Medical Opinion Evidence**

Plaintiff next insists that the Commissioner failed to properly evaluate the medical opinion evidence. (ECF No. 13, pp. 13-17). The Court notes that, while the ALJ's decision improperly evaluated the opinion evidence, the Decision of the Appeals Council considered the opinion

evidence under the proper regulations, and ultimately determined that Plaintiff was not disabled. (ECF No. 10-2, pp. 5-8).

An ALJ must "evaluate the persuasiveness of medical opinions by considering (1) whether they are supported by objective medical evidence, (2) whether they are consistent with other medical sources, (3) the relationship that the source has with the claimant, (4) the source's specialization, and (5) any other relevant factors." *Bowers v. Kijakazi*, 40 F.4th 872, 875 (8th Cir. 2022) (citing 20 C.F.R. § 404.1520c(c)). However, "[t]he first two factors—supportability and consistency—are the most important." *Id.* (citing 20 C.F.R. § 404.1520c(a)). Under the revised regulations, "treating physicians are [no longer] entitled to special deference." *Id.* (citing 20 C.F.R. § 404.1520c(a)).

In its decision, the Appeals Council evaluated the opinions of examining and non-examining consulting physicians and made findings as to their supportability and consistency. Dr. Parker's opinion was supported by the fact that he was a psychology specialist who examined Plaintiff in making his findings. The Appeals Council noted supporting examination findings of "normal mood, affect, and thought process, but some issues with interpersonal skills and somewhat scattered concentration." (ECF No. 10-2, p. 7). It was determined that Dr. Parker's opinion was partially persuasive.

The Appeals Council also considered evidence of "noted awkward and distant interpersonal social skills, at times irrelevant communication style and somewhat scattered and erratic concentration and attention." (ECF No. 10-2, p. 7). This evidence supported the DDS reconsideration-level opinion limiting Plaintiff to unskilled work. The Appeals Council found this opinion more persuasive than the initial-level opinion limiting Plaintiff to semi-skilled work. As

9

such, the Appeals Council properly evaluated the opinion evidence for supportability and consistency under the proper regulations.

### C. Substantial Evidence Supports the ALJ's RFC Finding

Plaintiff also contends that the ALJ's RFC determination is not supported by substantial evidence. (ECF No. 13, pp. 17-23). RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 416.945. A disability claimant has the burden of establishing his or her RFC. *Vossen*, 612 F. 3d at 1016. "The ALJ determines a claimant's RFC based on all relevant evidence in the record, including medical records, observations of treating physicians and others, and the claimant's own descriptions of his or her limitations." *Jones v. Astrue*, 619 F.3d 963, 971 (8th Cir. 2010); *Davidson v. Astrue*, 578 F.3d 838, 844 (8th Cir. 2009). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 416.945(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Miller*, 784 F.3d at 479 (citing *Lauer v. Apfel*, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. *Perks v. Astrue*, 687 F.3d 1086, 1092 (8th Cir. 2012).

The evidence before the Court supports the ALJ's RFC determination based on his consideration of the medical records, observations of treating physicians and others, and Plaintiff's own descriptions of his limitations. The medical record shows generally normal objective findings and mental status examination results. Treatment providers and others observed Plaintiff's symptoms, including inattentiveness and anxiety, but repeatedly noted that he was not taking his medications as prescribed.

Plaintiff's average to above average intelligence was also noted. He attended college courses while still in high school and stated that he planned to attend college. While he did not pass all the courses he attempted, the record indicates that he was not always taking his anxiety medications as prescribed. In addition, the ALJ noted Plaintiff's reported ability to care for his pets independently, prepare simple meals weekly, and play games with friends regularly. A review of the decisions of the ALJ and Appeals Council support their finding that Plaintiff's subjective statements regarding his level of limitation were not entirely consistent with the medical and other evidence in the record. Accordingly, we find substantial evidence supports the ALJ's RFC finding in this case.

## V.  Conclusion

For the reasons discussed above, it is recommended that the Commissioner's decision to deny benefits be affirmed and that Plaintiff's Complaint (ECF No. 2) be dismissed with prejudice.

**The parties have fourteen (14) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. We remind the parties that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 31st day of July 2023.

/s/ Mark E. Ford
HONORABLE MARK E. FORD
UNITED STATES MAGISTRATE JUDGE